IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ANTHONY J. BRODZKI, | ) | 8:11CV91 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| STATE OF NEBRASKA, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Anthony J. Brodzki ("Brodzki" or "Plaintiff") filed his Complaint in this matter on March 10, 2011. (Filing No. 1.) Thereafter, the court gave Brodzki leave to proceed in forma pauperis. (Filing No. 6.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Brodzki, a resident of Texas, filed his complaint against the State of Nebraska. (Filing No. 1 at CM/ECF p. 1.) The following is taken from Brodzki's Complaint:

> The state patrol has impeded me, forced me to leave the state, on recent visits, called me on my cell phone and told me I was an undocumented pedophile and pulled by penis out in a public place and was not welcome in the state. Both supposed acts occurred as a 17 year old. . . Marshal Pearl Coyne, a Marshal in Texas told me it was back taxes time. This is an outrage Judge. . . . Even though I did not commit the crimes, this is criminal behavior when law men harass you based on crimes committed in childhood, in Illinois supposedly in 1978, when 33 years later law men harass and look for back taxes, harass an individual based on what he or she did or did not do as a minor.

(Id. at CM/ECF p. 2.) Brodzki seeks $5,000,000 in damages under 42 U.S.C. § 1983 and alleges state-law claims for "false imprisonment, assault of the mind, and emotional infliction of emotional distress." (Id.) He also seeks an injunction to stop "all hostility . . . electronically and personally against" him. (Id.)

## II.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III.  DISCUSSION OF CLAIMS

### A.    Federal Claims

The district court must dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neizke v. Williams*, 490 U.S. 319 (1989). For the reasons set forth below, this action is dismissed pursuant to 28 U.S.C. § 1915(e).

Defendant seeks $5,000,000 against the State of Nebraska. The Eleventh Amendment bars claims for damages by private parties against a state. *See, e.g., Egerdahl v. Hibbing Cmty. Coll.,* 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.,* 64 F.3d 442, 446-47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g.,*

2

*Dover Elevator Co.*, 64 F.3d at 444; *Nevels v. Hanlon*, 656 F.2d 372, 377-78 (8th Cir. 1981). There is nothing in the record before the court showing that the State of Nebraska waived, or that Congress overrode, sovereign immunity in this matter. Further, to the extent Brodzki asks the court to "order all hostility" against him stopped, such a broad and vague request is not within the court's power to grant. In addition, even under the most liberal construction, Brodzki's Complaint is nonsensical. For these reasons, Brodzki's complaint must be dismissed pursuant to 28 U.S.C. § 1915(e), as he both fails to state a claim upon which relief may be granted and seeks monetary relief from a defendant who is immune from such relief.

### B. State Law Claims

Brodzki has included state law claims for "false imprisonment, assault of the mind, and emotional infliction of emotional distress." (Filing No. 1 at CM/ECF p. 2.) The court declines to exercise supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1367(c)(3).

IT IS THEREFORE ORDERED THAT:

1. Plaintiff's Complaint (filing no. 1) is dismissed without prejudice.

2. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 23rd day of June, 2011.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.